IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMETRIS PARDUE, 07014097,<br>Plaintiff, | )<br>)<br>) | |
| v. | ) | No. 3:07-CV-1366-P |
| | ) | ECF |
| DALLAS COUNTY COURT SYSTEM, ET AL.,<br>Defendants. | )<br>) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Parties:**

Plaintiff brings this complaint pursuant to 42 U.S.C. § 1983. He is confined at the Vernon State Hospital. Defendants are the Dallas County Court system, the judges and inmates of the Dallas County Courts, John Doe police officers, the Mexican Mafia and Texas Syndicate, the Klu Klux Klan, Bank of America, Vashtie Pardue, Satin Boykins, Janice Pardue, Linda Ukele and Maurice Pardue. The Court did not issue process in this case, pending preliminary screening.

**II. Statement of the Case:**

Even when liberally construed in accordance with Plaintiff's *pro se* status, the complaint is difficult to understand. It appears Plaintiff alleges that Defendants made false allegations and falsely arrested him for assault on a public servant. He also argues Defendants conspired to poison him.

**Findings and Conclusions of the**
**United States Magistrate Judge**        Page -1-

## III. Preliminary Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court finds Plaintiff's claims should be dismissed.

## IV. Discussion

**1.** *Heck v. Humphrey*

In *Heck v. Humprey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction or confinement does not accrue until that conviction or confinement has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff's claims that Defendants have falsely arrested him and falsely charged him with

assault of a public servant are clearly connected to the legality of his confinement. Plaintiff's confinement, however, has not been reversed, expunged, or otherwise invalidated.[1] Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

**2.     Remaining Claims**

Finally, to the extent that Plaintiff claims the various Defendants have conspired to murder him by poisoning him, Plaintiff's claims describe fantastic or delusional scenarios which are clearly irrational and incredible. These claims should be dismissed with prejudice as frivolous. *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997).

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims challenging his confinement be dismissed with prejudice until the *Heck* conditions are met; and (2) Plaintiff's remaining claims be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Signed this 5th day of December, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] On May 23, 2007, Plaintiff was found incompetent to stand trial in cause number F07-49089, aggravated assault of a public servant. He is currently being held in Vernon State Hospital pending a reevaluation of competency.

**Findings and Conclusions of the
United States Magistrate Judge**          Page -3-

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).